# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DION A. TEMPLE,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>VITO P. GEROULO; CAROL A. DAVENPORT,<br>　　　　Defendants. | )<br>)<br>) Civil Action No. 12-1477<br>)<br>) Judge Cathy Bisson/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>) |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Complaint be dismissed for failure to state a claim upon which relief can be granted.

**II. REPORT**

Dion Temple ("Plaintiff") has filed a civil rights Complaint, alleging that his constitutional rights were violated by the Defendant Carol A. Davenport, who was the officer that arrested Plaintiff on August 3, 2006. Plaintiff alleges that Defendant Davenport arrested him "without a warrant or criminal complaint, [or] affidavit of probable cause [and] seized all of my property and [also the] vehicle registered to John Boyd, my personal property was inside of the vehicle." ECF No. 8 at 2. Plaintiff also names as a Defendant, the Honorable Vito Geroulo, a judge of the Court of Common Pleas of Lackawanna County and the judge who presided over Plaintiff's two criminal trials. The only claim against Judge Geroulo is that he "has my money, 372.00 [plus] my (2) cell phones in his chambers." Plaintiff claims that the date that these events occurred was August 3, 2006. ECF No. 8 at 2, ¶ IV.A. Because Plaintiff's claims are based on

actions allegedly taken on August 3, 2006, and, Plaintiff did not file the lawsuit until, at the earliest October 8, 2012, when he executed his Motion for Leave to Proceed In Forma Pauperis, the Complaint is time-barred as to Defendant Davenport and must be dismissed. In addition, the lawsuit should also be dismissed as against Defendant Geroulo because he is entitled to absolute judicial immunity.

### A. PROCEDURAL AND FACTUAL BACKGROUND

At the time of the initiation of this civil action, Plaintiff was a prisoner in the State Correctional Institution at Fayette ("SCI-Fayette"). Plaintiff is proceeding pro se and his Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") has been granted. The IFP Motion was signed on October 8, 2012. ECF No. 1 at 1. Plaintiff attached the Complaint to his IFP Motion. Service of process has not yet been made on the Defendants.

### B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or

any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A & 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e) and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### C. DISCUSSION

#### 1. The Statute of Limitations Bars This Lawsuit.

Even though Plaintiff does not specifically mention 42 U.S.C. § 1983 in the Complaint, because Plaintiff is seeking to vindicate his constitutional rights (see, e.g, ECF No. 8 at 2, ¶ III, claiming violations of his constitutional rights) and because he does not have a cause of action

3

directly under the Constitution of the United States, a liberal reading of the Complaint requires the court to construe it as one invoking the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983.  See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).  Hence, the Court construes the current Complaint as alleging a cause of action under Section 1983.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Civil Rights law.  Wilson v. Garcia, 471 U.S. 261, 267 (1985), *overruled by statute on other grounds as recognized in*, Hurst v. Trader, 223 F. App'x 128, 131 (3d Cir. 2007). Because of this, the courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate State.  Wilson v. Garcia, 471 U.S. at 267 to 275.  The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years.  Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania.").  The statute of limitations requires that a complaint be filed within its time

limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001).

In the case at issue, the bar of the statute of limitations is apparent on the face of the Complaint. The alleged wrongs complained of by Plaintiff, allegedly occurred in or around August 3, 2006, at least as to the initial confiscation of the property by Defendant Officer Carol Davenport. Plaintiff did not "file"[2] his IFP Motion, which would stop the running the of the statute of limitations,[3] until, at the earliest, October 8, 2012, *i.e.*, more than six years after the alleged wrongs were allegedly perpetrated. Thus, it is clear from the face of the Complaint that Plaintiff failed to commence his lawsuit within the two year applicable statute of limitations. Accordingly, this action should be dismissed before service for failing to state a claim upon which relief can be granted, given that the statute of limitations bars the lawsuit.

---

[2] Plaintiff's application for IFP status was not signed until July 4, 2012, ECF No. 1 at 2, which is the earliest this Court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period. See Cromwell v. Keane, 27 F. App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[3] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

## 2. Absolute Judicial Immunity Bars The Claims Against Judge Geroulo.

Plaintiff is attempting to sue Judge Geroulo for actions that Judge Geroulo took in connection with his presiding over Plaintiff's criminal trial, i.e., the holding and retention of evidence of Plaintiff's crimes. However, these claims are clearly barred by the doctrine of judicial immunity.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, i.e., whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. Id., at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Here, the Complaint makes clear that the actions taken by Judge Geroulo and complained of by the Plaintiff were actions taken in Judge Geroulo's judicial capacity. Even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000) (failure to comply with state court rule did not strip judge of immunity). Not even allegations that a judge took an otherwise judicial action in bad faith or maliciously is sufficient to pierce judicial immunity. Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Because Judge Geroulo enjoys absolute judicial immunity for the holding of evidence of a crime in criminal proceedings over which he presided, where Plaintiff's appeals are not exhausted as of yet (indeed, Plaintiff as recently as August 9, 2011, filed a petition for writ of habeas corpus in the state courts and had a federal habeas petition in the Middle District of Pennsylvania[4]), the

---

[4] Temple v. Coleman, No. 3:11-cv-404 (M.D. Pa.).

Complaint must be dismissed pursuant to the screening provisions of the PLRA for failure to state a claim upon which relief can be granted. See, e.g., Tinsley v. Singleton, Civ.A. No. 8:08-532, 2008 WL 759082, at *2 (D.S.C. March 20, 2008) ("Defendant Norton's activities in setting bond and ruling on motions to suppress evidence and/or to release seized property are performed as part of his judicial duties. As such, Norton's performance of those duties are protected from damage claims under the doctrine of absolute judicial immunity.").[5]

**III. CONCLUSION**

For the reasons set forth herein, it is recommended that the action be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

---

[5] To the extent that the Plaintiffs' requested relief can be construed as a request for injunctive relief against Judge Geroulo, such claims for injunctive relief are likewise subject to the bar of judicial immunity. What the court held in Fox v. Lee is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief is dismissed as well. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle*, 43 F.Supp.2d 265, 273 (E.D.N.Y.1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable); *Reilly v. Weiss*, No. 97-CV-05883, 1998 WL 1110695, at *1 n. 3 (D.N.J. June 15, 1998)(same).

Fox v. Lee, 99 F.Supp.2d 573, 575-76 (E.D. Pa. 2000). Hence, any claims for injunctive relief should be dismissed as well.

to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


December 17, 2012					s/Maureen P. Kelly
							MAUREEN P. KELLY
							UNITED STATES MAGISTRATE JUDGE



cc:	The Honorable Cathy Bissoon
	United States District Judge


	Dion A. Temple
	HF-5212
	SCI Fayette
	Box 9999
	LaBelle, PA 15719